IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM F.  CARADINE/ASSABUR                                                    PLAINTIFF

v.                                              Civil No.  2:11-cv-2008

SEBASTIAN COUNTY CIRCUIT COURT *et al.*                            DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate in the Varner Supermax Unit of the Arkansas Department of Correction, at Grady, Arkansas, has filed a pleading by using a form provided by the United States District Court for the Eastern District of Arkansas for the filing of prisoner complaints under 42 U.S.C. § 1983. ECF No.  2.  This matter was transferred to this district from the Eastern District of Arkansas on January 12, 2011.  ECF No.  8.  Plaintiff filed his Complaint in the Eastern District on November 30, 2010.  ECF Nos.  1, 2.  Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  ECF No 1.

The matter is presently before the Court for two purposes: (1) to determine whether Plaintiff should be granted IFP status, and (2) for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends Plaintiff's IFP application be **DENIED**, and that this action be summarily dismissed pursuant to Section 1915A.

A.      Background

Plaintiff states he was "not represented properly" by his counsel, Defendant Joplin, or the prosecuting attorney, Defendant Wagoner, on May 14, 2010.  ECF No.  2, ¶ V.  Plaintiff states he was not given the opportunity to conference with his attorney and he was threatened by the prosecutor with life imprisonment if he did not accept an offer to plea guilty to his state court

-1-

charges.  *Id*.

Plaintiff states he wants the court to understand he has rights to a mental evaluation and is asking this Court for "proper counseling and evaluation and compensation."  *Id.*  at ¶ VI.

Plaintiff has also filed a Motion to Amend/Correct, ECF No.  5, asking this Court to Amend his Rule 37 Motion which he filed in state court.[1]

**B.**    **Applicable Law**

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis application*, there is a two step process followed by the court.  First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed.  Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir.1982). 28 U.S.C.  § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief). *See also* 28 U.S.C. § 1915(c)(2)(B)(i-iii).

**C.**    **Discussion**

1.    Economic Qualifications

Plaintiff states in his Motion to Proceed *in forma pauperis* that he is currently incarcerated, with no cash, checking, or savings accounts, no assets, no employment, and has not received any

---

[1]  The Court has only considered the Motion to Amend to the extent that, if granted, it would not cure any of the defects in Plaintiff's Complaint.

money in the last twelve months from employment, rent, interest, dividends, pensions, annuities, life insurance, disability, workers compensation, gifts/inheritances, or from any other sources.  ECF No. 1.  The records from the Arkansas Department of Correction show his average balance for the past six months is $0.00 and his current balance is also $0.00.  *Id.*  This information appears to be sufficient to determine that he meets the economic qualifications to proceed *in forma pauperis* and thus the Complaint is properly filed.

  2. <u>Cause of Action</u>

  As stated above, the court must look beyond the economic states of an *in forma pauperis* applicant and also determine if the Complaint is frivolous and should be dismissed.  Plaintiff's claims in this matter are clearly subject to dismissal as frivolous because they are asserted against individuals who are immune from suit or who are not state actors for purposes of Section 1983 litigation.

  i. <u>Sebastian County Circuit Court</u>

  Plaintiff has named the Sebastian County Circuit Court as a defendant in this matter.  "State courts as entities are not vulnerable to a Section 1983 suit because they are protected by immunity under the Eleventh Amendment."  *Mildfelt v. Circuit Court of Jackson County, Mo.*, 827 F.2d 343, 345 (8th Cir. 1987).  Moreover, it has been held that state courts are not "persons" subject to suit under Section 1983.  *See e.g., Mumford v. Basinski*, 105 F.3d 264, 267 (6th Cir. 1997); *Zuckerman v. Appellate Div.*, 421 F.2d 625, 626 (2nd Cir. 1970); *Kinney v. City of Cleveland*, 144 F. Supp.2d 908 (N.D. Ohio 2001).

  ii. <u>John Joplin</u>

  Plaintiff has also named John Joplin, a public defender in Sebastian County, as a Defendant in this matter.  As a public defender, Defendant Joplin is not considered a "state actor" for purposes

of Section 1983 litigation.  "Only state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir.  2001), *cert. denied*, 535 U.S. 1017 (2002). It is well settled that public defenders are not considered to be state actors for Section 1983 purposes. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).  *See also Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991) ("[t]he conduct of counsel, either retained or appointed, in representing clients, does not constitute action under color of state law for purposes of section 1983 violations").

> iii.   Michael Wagoner

Defendant Wagoner is a prosecuting attorney.  The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the doctrine of absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case."  *Id.* at 427.  This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430.  *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).  Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding.  Therefore, it is clear Defendant Wagoner is entitled to absolute immunity in this case.  *See, e.g., Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996), *cert.  denied*, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case.  While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff

seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur.  Plaintiff does not allege such facts in this case.

Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.* at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975).  Clearly, Plaintiff has adequate remedies available to him through the state appellate courts.

## V.    Conclusion

Accordingly, I recommend the following: (1) the Motion to Proceed IFP, ECF No.  1, be **DENIED**; and (2) Plaintiff's Complaint, ECF No.  2,  be **DISMISSED** as it fails to state a claim under Section 1983.

I also recommend this case be considered a "strike" pursuant to the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

Having filed this action, Plaintiff remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir.  1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).  For this reason, I further recommend the clerk of the court be directed to collect the $350.00 filing fee from the Plaintiff.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 14th day of January 2011.**

/s/ J.  Marschewski
HON.  JAMES R.  MARSCHEWSKI
U.S.  MAGISTRATE JUDGE